**James Alexander LOGAN,**
Plaintiff–Appellant,

v.

**Felicia CHESTNUT, Lt., Sergeant Bailey, J. Harper, C.E. Hope, J. Nash, et al., Defendants–Appellees.**

No. 08–16416
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 28, 2009.

James Alexander Logan, Raiford, FL pro se.

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant James Logan, a *pro se* Florida prisoner, appeals the district court's order dismissing without prejudice his civil rights action as a sanction for providing false information in his complaint. Logan argues the district court erred when it dismissed his action because it did not afford him an opportunity to show cause for his false statements.

Federal Rule of Civil Procedure 11 ("Rule 11") authorizes the district court to impose sanctions if a party files pleadings that contain factual contentions that the party knows to be untrue. Fed.R.Civ.P. 11(c). Rule 11 also requires that parties engage in a reasonable inquiry to determine that the information presented to the court is true. Fed.R.Civ.P. 11(b). Rule 11 provides that the district court, on its own initiative, may require a party to "show cause" why its conduct has not violated Rule 11(b). Fed.R.Civ.P.11(c)(3). We review the district court's imposition of sanctions pursuant to Rule 11 for an abuse of discretion. *Attwood v. Singletary,* 105 F.3d 610, 612 (11th Cir.1997). We have held that "[d]ue process requires notice and an opportunity to respond if Rule 11 sanctions are imposed." *Id.* at 613; *see also* Fed.R.Civ.P.11(c).

Here the record demonstrates that the district court dismissed Logan's claim without affording him an opportunity to respond to its sanction. Thus, we conclude

that the district court abused its discretion by not affording Logan notice and an opportunity to show cause for his false filings before it sanctioned him. We vacate and remand for further consideration consistent with this opinion.

**VACATED AND REMANDED.**